UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BRANDON PATE, ET AL                    CIVIL ACTION

VERSUS                                 NUMBER 13-338-JJB-SCR

ENTERPRISE RENT-A CAR, ET AL


**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 9, 2013.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON PATE, ET AL                    CIVIL ACTION

VERSUS                                 NUMBER 13-338-JJB-SCR

ENTERPRISE RENT-A CAR, ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Brandon Pate, Anthony Scales, Lamar Thompson and Gregory Hardesty. Record document number 6.  The motion is opposed.[1]

Plaintiffs filed a Petition for Damages in state court against defendants Enterprise Rent-A-Car and Progressive Insurance to recover damages for injuries resulting from a car collision that occurred on April 18, 2012.  Plaintiffs alleged that while Brandon Pate was driving a car rented from defendant Enterprise, a tire on the car blew out causing Pate and three passengers, Anthony Scales, Lamar Thomson, and Gregory Hardesty, to be thrown around violently in the vehicle.  Plaintiffs alleged that each of them suffered neck, back, shoulder, knee and chest injuries, and have been undergoing medical treatment since the time of the accident.  In addition to compensatory damages, the plaintiffs sought damages under LSA-R.S. 22:1220 from the defendant's insurer for the alleged failure to offer a reasonable settlement amount after adequate

---

[1] Record document number 9.

proof of loss was provided.[2]

Defendant Enterprise Rent-a-Car (which is a trade name of EAN Holdings, LLC) removed the case to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[3] Defendant argued that the plaintiffs' allegations of multiple injuries to the neck, back, shoulder, knee and chest, ongoing medical treatment, lost employment earnings, and punitive damages, make the jurisdictional amount facially apparent from the petition. Defendant also asserted that the jurisdictional amount is reinforced by the plaintiffs' failure to include an allegation purporting to limit their recovery to less than $75,0000, as required by Louisiana Civil Code article 893(A)(1).

Plaintiffs moved to remand on the ground that their claims alleged in the petition do not satisfy the jurisdictional amount

---

[2] Plaintiffs cited LSA-R.S. 22:1220, however that statute has been changed to LSA-R.S. 22:1973.

[3] Defendant alleged citizenship as follows: plaintiffs Brandon Pate, Anthony Scales, Lamar Thompson and Gregory Hardesty are citizens of Louisiana; defendant Enterprise Rent-a-Car is a trade name of EAN Holdings, LLC, a Delaware limited liability company whose sole member is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri; and defendant Progressive Insurance is a foreign insurance company, authorized to and doing business in the state of Louisiana. Defendant argued that Progressive Insurance is a nominal defendant and its citizenship need not be considered for the purpose of determining diversity jurisdiction. Record document number 1, Notice of Removal, ¶¶ 5-13; record document number 9, opposition memorandum, p. 2, n. 1. Because the defendant has not established that the required amount in controversy is present, the court does not need to decide whether defendant Progressive Insurance is a nominal defendant.

required under § 1332(a).  Plaintiffs argued that an award of damages in excess of the jurisdictional threshold is speculative. Because ambiguity and doubt in the allegations must be construed against removal, the plaintiffs argued that the defendant failed to meet its burden of establishing that the amount in controversy exceeds $75,000.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).  Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[4] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction

---

[4] Louisiana Civil Code article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

Plaintiffs did not allege that their claims are for less than the required jurisdictional amount.  While this factor supports finding that the plaintiffs' claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence.  *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

from Louisiana courts.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways:  (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts-- preferably in the removal petition, but sometimes by affidavit-- that support a finding the required amount is present.  *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia*, 233 F.3d at 883.  If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.  *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal.  *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the

4

plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Plaintiffs moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.  *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

It is not facially apparent from the allegations in the plaintiffs' petition that the value of any one of the plaintiffs' claims exceeds $75,000, exclusive of interest and costs.  Although the plaintiffs alleged neck, back, shoulder, knee and chest injuries, these allegations are devoid of any facts describing the injuries with any particularity, *e.g.* the extent of the injury, whether surgery was or will likely be required, or any plaintiff's prognosis.  Although the defendant cited cases awarding damages for each type of injury, these cases are unpersuasive in the absence of any description of the actual injuries each plaintiff incurred.  The lack of details concerning the injuries also makes it impossible to evaluate the plaintiffs' lost wages claims.  And even if the court assumed that the penalties under LSA-R.S. 22:1973 would double the amount of the damages, it would be still be pure speculation to conclude that the jurisdictional amount is

satisfied.

Primarily because the defendant failed to provide any additional evidence to demonstrate the extent of the plaintiffs' alleged physical injuries, it has not shown by a preponderance of evidence that the amount in controversy exceeds $75,000 for any plaintiff.  Thus, this court lacks subject matter jurisdiction under § 1332(a).

Given the number of damages elements alleged by the plaintiffs, the defendant's removal was not unreasonable. Accordingly, no costs or attorney's fees under § 1447(c) should be awarded.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be granted in part and denied in part. Plaintiffs' motion should be granted insofar as they sought to have the case remanded to state court.  Their motion should be denied insofar as they sought an award of costs and attorney's fees under § 1447(c).

Baton Rouge, Louisiana, August 9, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

7